FILED

2017 JUL 13 PM 1:20

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARTIN CHAPMAN, on behalf of himself
and on behalf of all others
similarly situated,

    Plaintiff,

v.    CASE NO.: 3:17-cv-799-J-39JRK

CITY OF JACKSONVILLE,

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARTIN CHAPMAN, by and through undersigned counsel, and on behalf of himself, the Putative Class set forth below, as well as in the public interest, brings the following Class Action as of right against Defendant, CITY OF JACKSONVILLE, and in support of his claims states as follows:

### JURISDICTION AND VENUE

    1.    This is an action for damages under the Americans with Disabilities Act of 1990, as amended ("ADAAA"), 42 U.S.C. § 12101 *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 *et seq* for unlawful discrimination on the basis of disability and age.

    2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1355.

    3.    Venue is proper in the Middle District under 28 U.S.C. § 1391, because all of the events giving rise to these claims occurred in this District.

## PARTIES

4. The Named Plaintiff and class representative MARTIN CHAPMAN ("Plaintiff") is a resident of Duval County, Florida.

5. Defendant operates the City of Jacksonville, Florida, Office of the Sheriff, in Duval County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADAAA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADAAA.

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADEA.

12. At all times material hereto, Defendant employed twenty (20) or more employees. Thus, Defendant is an "employer" within the meaning of the ADEA.

## FACTS SPECIFIC TO PLAINTIFF

13. Plaintiff began working for Defendant as a police officer in August 1988, and he worked in this capacity until on or about October 26, 2012.

14. Plaintiff is 55 years of age.

15. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical condition that substantially limited his ability to perform one or more major life activities.

Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

16. Specifically, on or about January 27, 2010, Plaintiff sustained a workplace injury to both his right and left rotator cuffs and left pectoral muscle while completing a physical agility test required for all active duty officers.

17. Plaintiff continues to suffer from the aforementioned physical condition.

18. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADAAA.

19. Following his injury, Plaintiff took a brief leave of absence and when he returned, Plaintiff requested an accommodation for his disability.

20. In response to Plaintiff's request, Defendant placed Plaintiff on "Permanent Light Duty" status. Plaintiff was assigned to work in the forfeiture department.

21. At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

22. During his employment with Defendant, Defendant had a reduction in force policy under which it "bumps" officers on Permanent Light Duty status starting with the officer with the highest years of service.

23. On or about October 26, 2012, Defendant notified Plaintiff that it was bumping him from the position he held in accordance with the policy and would be separated from employment.

24. At the time Plaintiff was separated, Defendant also separated five other officers over the age of forty on "Permanent Light Duty" status.

25. Shortly thereafter, Defendant replaced Plaintiff and the five other separated officers with younger, non-disabled officers with significantly less experience.

## CLASS ACTION ALLEGATIONS

26. Plaintiff asserts a claim under Counts I and II of this Complaint on behalf of a Putative Disability Class defined as follows:

**Disability Class:** All former officers who were disabled and whom Defendant terminated and/or forced to retire pursuant to its bumping policy.

27. Plaintiff asserts claims under Count III of this Complaint on behalf of a Putative Age Class defined as follows:

**Age Class:** All former officers who were over the age of forty and whom Defendant terminated and/or forced to retire pursuant to its bumping policy.

28. <u>Numerosity</u>: The members of the Putative Classes are so numerous that joinder of all Class members is impracticable. On information and belief, hundreds of individuals satisfy the definition of the Class.

29. <u>Typicality</u>: Plaintiff CHAPMAN'S claims are typical of those of the members of the Putative Classes. The adverse employment action suffered by Plaintiff, specifically termination/forced retirement of disabled officers and officers over the age of forty on Permanent Light Duty Status was uniform in its application to all Class Members.

30. <u>Adequacy</u>: Plaintiff CHAPMAN will fairly and adequately protect the interests of the Putative Classes, has no interests antagonistic to the Class, and has retained counsel experienced in complex class action litigation.

31. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Putative Classes, and predominate over any questions solely affecting individual members of the Putative Classes. These common questions include, but are not limited to:

a. Whether Class members are qualified individuals with disabilities;

b. Whether class members are protected under the ADEA;

c. Whether Class Members engaged in protected activity when they asked for an accommodation of their disability;

d. Whether Defendant met its duty to accommodate by relying solely on its bumping policy;

e. Whether Defendant took adverse and unlawful employment action against Class Members in violation of the ADAAA and ADEA; and

f. Whether Defendant's bumping policy disproportionately impacts officers over the age of forty;

g. Whether Defendant has a justifiable business necessity for its policy;

h. Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with the ADAAA and the ADEA.

32. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1), because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

33. This case is also maintainable as a class action under Fed. R. Civ. P. 23(b)(2), because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Classes as a whole.

34. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the ADAAA and the ADEA.

35. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

36. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 23. The names and addresses of the Putative Class members are readily available from Defendant's records.

## COUNT I – CLASS CLAIM ADAAA VIOLATION

37. Plaintiff CHAPMAN, on behalf of the Class, realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

38. Plaintiff is a member of a protected class under the ADAAA.

39. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

40. Defendant failed to accommodate Plaintiff's disability.

41. Specifically, Defendant terminated Plaintiff's employment pursuant to a bumping policy without meeting its obligation to accommodate Plaintiff.

42. Defendant's actions were willful and done with malice.

43. Plaintiff and the Class were injured due to Defendant's violations of the ADA, for which Plaintiff and the Class are entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff CHAPMAN, on behalf of the class demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADAAA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained;

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT II – CLASS CLAIM ADAAA RETALIATION

43. Plaintiff CHAPMAN on behalf of the class realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

44. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADAAA.

45. Plaintiff engaged in protected activity under the ADAAA by requesting an accommodation.

46. Defendant retaliated against Plaintiff for engaging in protected activity under the ADAAA by terminating his employment and/or forcing him to retire.

47. Defendant's actions were willful and done with malice.

48. The adverse employment action that Defendant took against Plaintiff was material.

49. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff CHAPMAN on behalf of the class demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADAAA;

    d) That this Court enter an injunction restraining continued violation of the ADAAA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained;

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT III – CLASS CLAIM ADEA VIOLATION

50. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

51. As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

52. Defendant's policy or practice of terminating and/or forcing into retirement officers on Permanent Light Duty Status has a disparate impact on officers over the age of forty, in violation of the ADEA.

53. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff on behalf of the class demands:

a) A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   An injunction restraining continued violation of the ADEA;

d)   Compensation for lost wages, benefits, and other remuneration;

e)   Reinstatement of Plaintiff to a position comparable to his prior position with back pay plus interest, or in the alternative, front pay;

f)   Liquidated damages in an amount equal to Plaintiff's total damages;

g)   Prejudgment interest on all monetary recovery obtained;

h)   All costs and attorney's fees incurred in prosecuting these claims; and

i)   For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 12 day of July, 2017.

Respectfully submitted,

/s/ Donna V. Smith

DONNA V. SMITH
Florida Bar Number: 661201
WENZEL FENTON CABASSA, P.A.
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-386-0995
Facsimile: 813-229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**